IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

v.                                                    23-CR-6095 DGL

ALICIA TORRES,

Defendant.

_____

## PLEA AGREEMENT

The defendant, Alicia Torres, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

### I.     THE PLEA AND POSSIBLE SENTENCE

1.     The defendant agrees to waive indictment and to plead guilty to a one count Information which charges a violation of Title 18, United States Code, Section 1343 (wire fraud), for which the maximum possible sentence is a term of imprisonment of 20 years, a fine of $250,000 or twice the gross pecuniary gain or loss, whichever is greater, a mandatory $100 special assessment and a term of supervised release of 3 years.   The defendant understands that the penalties set forth in this paragraph are the maximum penalties that can be imposed by the Court at sentencing.

2.     The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required

to serve in prison all or part of the term of supervised release, up to 2 years, without credit for time previously served on supervised release. As a consequence, in the event the defendant is sentenced to the maximum term of incarceration, a prison term imposed for a violation of supervised release may result in the defendant serving a sentence of imprisonment longer than the statutory maximum set forth in ¶ 1 of this agreement.

## II.   ELEMENTS AND FACTUAL BASIS

3.      The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

   a.   The defendant devised a scheme to defraud or to obtain money or property by materially false or fraudulent pretenses, representations or promises;

   b.   The defendant acted with the intent to defraud; and

   c.   In advancing, furthering, or carrying out the scheme, the defendant transmitted any writing, signal, or sound by means of a wire, radio, or television communication in interstate commerce, or caused the transmission of any writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate commerce.

## FACTUAL BASIS

4.      The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

   a.   The defendant was employed at Wegmans Food Market, Inc. (Wegmans) for approximately 27 years. From 2008 through February 2023, the defendant worked as a pharmacy technician at Wegmans' Eastway store in Webster, New York.

2

b. Wegmans utilized the Enterprise System to fill customers' prescriptions. The Enterprise System generates a sheet that is attached to a prescription. The sheet gets scanned on the point-of-sale system to generate the sale for the customer.

c. Between in or about ~~2010~~ [2014 *handwritten*] and ~~in~~ or about February 2023, the defendant fraudulently created fictitious customer refunds with made-up amounts. The defendant printed bill after release (BAR) refund forms and filled in the forms with made-up amounts. The made-up amounts were based on the defendant's observation of legitimate transactions in the Enterprise System. The defendant then tricked the pharmacist or team leader on duty to sign off on the BAR refund form to provide the false appearance that the fraudulent refund was authorized. Once the pharmacist or team leader signed the BAR refund from, the defendant paid the made-up refund amount to herself by swiping or using contactless payment with her bank debit card or a Wegmans gift card in Wegmans' point-of-sale system. The defendant used a generic code in the point-of-sale system for the fraudulent refunds. Those transactions caused interstate wire communications from and to the Western District of New York. Between 2014 and 2023, the defendant processed approximately 340 fraudulent refunds to her personal debit card totaling $568,021.69. Between 2020 and February 2023, the defendant processed fraudulent refunds to Wegmans gift cards totaling $10,922.17.

## III.   SENTENCING GUIDELINES

5.     The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

## BASE OFFENSE LEVEL

6.     The government and the defendant agree that Guidelines § 2B1.1(a) applies to the offense of conviction and provides for a base offense level of 7.

## SPECIFIC OFFENSE CHARACTERISTICS
## U.S.S.G. CHAPTER 2 ADJUSTMENTS

7.     The government and the defendant agree that the following specific offense characteristic does apply:

3

a. § 2B1.1(b)(1)(H): the total loss (including relevant conduct) was more than $550,000 (namely, $578,943.86) and thus there is a 14-offense level increase.

## U.S.S.G. CHAPTER 3 ADJUSTMENTS

8. The government and the defendant agree that the following adjustment to the base offense level does apply:

a. The 2-level increase of Guidelines § 3B1.3 (abuse of trust/special skill).

## ADJUSTED OFFENSE LEVEL

9. Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is 23.

## ACCEPTANCE OF RESPONSIBILITY

10. At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level decrease of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level decrease of Guidelines § 3E1.1(b), which would result in a total offense level of 20.

## CRIMINAL HISTORY CATEGORY

11. It is the understanding of the government and the defendant that the defendant's criminal history category is I. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the

4

defendant's criminal history category may increase.  The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

12.     It is the understanding of the government and the defendant that, with a total offense level of 20 and criminal history category of I, the defendant's sentencing range would be a term of imprisonment of **33 to 41** months, a fine of $15,000 to $150,000, and a period of supervised release of 1 to 3 years.  Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the maximum penalties set forth in ¶ 1 of this agreement.

13.     The government and the defendant agree to the correctness of the calculation of the Sentencing Guidelines range set forth above.  The government and the defendant, however, reserve the right to recommend a sentence outside the Sentencing Guidelines range. This paragraph reserves the right to the government and the defendant to bring to the attention of the Court all information deemed relevant to a determination of the proper sentence in this action.

14.     The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

## IV.    STATUTE OF LIMITATIONS

15.    In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement.  This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V.    REMOVAL

16.    The defendant represents that he is a citizen of the United States.  However, if the defendant is not a citizen of the United States, the defendant understands that, if convicted, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## VI.    GOVERNMENT RIGHTS AND OBLIGATIONS

17.    The defendant understands that the government has reserved the right to:

a.    provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b.    respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

6

c.     advocate for a specific sentence consistent with the terms of this agreement including the amount of [restitution and/or] a fine and the method of payment;

d.     modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor; and

e.     oppose any application for a downward departure and/or sentence outside the Guidelines range made by the defendant.

## VII.   RESTITUTION AND FINANCIAL PENALTY PROVISIONS

18.    The defendant understands, and the parties agree, that the offense of conviction is an offense listed under 18 U.S.C. § 3663A(c)(1), and therefore the Court must require restitution in the amount of $578,943.86 to be paid to Wegmans Food Market, Inc. as part of the sentence pursuant to Sentencing Guidelines § 5E1.1 and Title 18, United States Code, Section 3663A. The defendant understands that defendant will not be entitled to withdraw the plea of guilty based upon any restitution amount ordered by the Court.

19.    The defendant agrees to disclose fully and completely all assets in which the defendant either has any property interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party. The defendant agrees to make complete financial disclosure to the United States by truthfully executing a sworn financial statement by the deadline set by the United States, or if no deadline is set, no later than two weeks prior to the date of sentencing. The defendant agrees to authorize the release of all financial information requested by the United States, including,

but not limited to, executing authorization forms for the United States to obtain tax information, bank account records, credit history, and social security information. The defendant agrees to discuss or answer any questions by the United States relating to the defendant's complete financial disclosure. The defendant will submit to an examination under oath and/or a polygraph examination conducted by an examiner selected by the U.S. Attorney's Office on the issue of the defendant's financial disclosures and assets, if deemed necessary by the U.S. Attorney's Office. The defendant certifies that the defendant has made no transfer of assets in contemplation of this prosecution for the purpose of evading or defeating financial obligations that are created by the agreement and/or that may be imposed upon the defendant by the Court. In addition, the defendant promises that the defendant will make no such transfers in the future.

20.     The defendant understands and agrees that the Court, at the time of sentencing, will order that all monetary penalties imposed at that time (including any fine, restitution, or special assessment imposed in accordance with the terms and conditions of this plea agreement) are to be due and payable in full immediately and will be (i) subject to immediate enforcement as provided for in 18 U.S.C. § 3613, and (ii) submitted to the Treasury Offset Program (TOP) so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts but will not affect any periodic payment schedule set by the Court.

21.     The defendant understands and acknowledges that any schedule of payments imposed by the Court at the time of sentencing is merely a minimum schedule of payments

and does not, in any way, limit those methods available to the United States to enforce the judgment.

22.     The defendant agrees that any funds and assets in which the defendant has an interest, which have been seized or restrained by the government or law enforcement as part of the investigation underlying this plea agreement, and not subject to forfeiture, will be used to offset any judgment of restitution and fine imposed pursuant to this plea agreement, or to satisfy any debts owed by the defendant to the United States and/or agencies thereof.

23.     To the extent that the defendant has an interest, the defendant authorizes the District Court Clerk to release any funds posted as security for the defendant's appearance bond in this case, which funds shall be applied to satisfy the financial obligation(s) of the defendant pursuant to the judgment of the Court.

24.     The defendant is aware that voluntary payment of restitution prior to adjudication of guilt is a factor in considering whether the defendant has accepted responsibility under the United States Sentencing Guidelines §3El.1. The defendant agrees to deliver a certified check or money order to the clerk of the court in the amount of $_____, immediately after his plea hearing. The check will be payable to the "Clerk, U.S. District Court," to be deposited into the court registry until the date of sentencing and, thereafter, to be applied to satisfy restitution, pursuant to the judgment of the Court.

## VIII.   APPEAL RIGHTS

25.     The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed.  The defendant, however,

knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment of 33 to 41 months, a fine of $15,000 to $150,000, and a period of supervised release of 1 to 3 years set forth in Section III, ¶ 11 above, notwithstanding the manner in which the Court determines the sentence.   In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.  The defendant further agrees not to appeal a restitution order which does not exceed the amount set forth in Section VII of this agreement.

26.     The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

27.     The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment of 33 to 41 months, a fine of $15,000 to $150,000, and a period of supervised release of 1 to 3 years set forth in Section III, ¶ 11 above, notwithstanding the manner in which the Court determines the sentence.  However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

10

## IX.   TOTAL AGREEMENT AND AFFIRMATIONS

28.    This plea agreement represents the total agreement between the defendant, Alicia Torres, and the government.  There are no promises made by anyone other than those contained in this agreement.  This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

TRINI E. ROSS
United States Attorney
Western District of New York

BY:    _____
RICHARD A. RESNICK
Assistant United States Attorney

Dated:  May 31, 2023


I have read this agreement, which consists of pages 1 through 11.  I have had a full opportunity to discuss this agreement with my attorney, Jeffrey L. Ciccone, Esq.  I agree that it represents the total agreement reached between me and the government.  No promises or representations have been made to me other than what is contained in this agreement.  I understand all of the consequences of my plea of guilty.  I fully agree with the contents of this agreement.  I am signing this agreement voluntarily and of my own free will.

_____
ALICIA TORRES
Defendant

Dated:  May 31, 2023

_____
JEFFREY L. CICCONE, ESQ.
Attorney for the Defendant

Dated:  May 31, 2023

11